**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | § | Case No. 10-27543-SPS |
| | § | |
| TRACY L COPELAND | § | |
| | § | |
| | § | |
| | § | |
| Debtor | § | |

**TRUSTEE'S FINAL REPORT**

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter 7 of the United States Bankruptcy Code was filed on 06/18/2010. The undersigned trustee was appointed on 06/18/2010.

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. § 704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of $6,501.20

   Funds were disbursed in the following amounts:

   | | |
   |---|---|
   | Payments made under an interim distribution | $0.00 |
   | Administrative expenses | $5.22 |
   | Other Payments to creditors | $0.00 |
   | Non-estate funds paid to 3rd Parties | $0.00 |
   | Exemptions paid to the debtor | $0.00 |
   | Other payments to the debtor | $0.00 |
   | Leaving a balance on hand of[1] | $6,495.98 |

   The remaining funds are available for distribution.

---

[1] The balance on funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursements will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. § 326(a) on account of the disbursement of the additional interest.

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6. The deadline for filing non-governmental claims in this case was 11/09/2010 and the deadline for filing government claims was 11/09/2010. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $1,400.12. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $0.00 as interim compensation and now requests the sum of $1,400.12, for a total compensation of $1,400.12[2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $0.00, and now requests reimbursement for expenses of $12.38, for total expenses of $12.38.

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 04/14/2011      By:  /s/ David P. Leibowitz
                           Trustee

**STATEMENT:** This Uniform form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

**FORM 1**

Page No: 1

Exhibit A

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

| Case No.: | 10-27543-SPS | Trustee Name: | David Leibowitz |
|---|---|---|---|
| Case Name: | COPELAND, TRACY L | Date Filed (f) or Converted (c): | 06/18/2010 (f) |
| For the Period Ending: | 4/14/2011 | §341(a) Meeting Date: | 08/06/2010 |
| | | Claims Bar Date: | 11/09/2010 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| **Asset Description** (Scheduled and Unscheduled (u) Property) | **Petition/ Unscheduled Value** | **Estimated Net Value** (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | **Property Abandoned** OA =§ 554(a) abandon. DA=§ 554(c) abandon. | **Sales/Funds Received by the Estate** | **Asset Fully Administered (FA) / Gross Value of Remaining Assets** |
| **Ref. #** | | | | | |
| 1  1440 Yellowstone Drive, Streamwood, IL 60107 | $118,000.00 | $0.00 | OA | $0.00 | FA |
| 2  Checking account with Chase | $243.00 | $0.00 | DA | $0.00 | FA |
| 3  Misc used household goods | $900.00 | $800.00 | DA | $0.00 | FA |
| 4  used clothing | $300.00 | $0.00 | DA | $0.00 | FA |
| 5  Term life insurance through employer - no current cash value | $0.00 | $0.00 | DA | $0.00 | FA |
| 6  401K | $7,000.00 | $0.00 | DA | $0.00 | FA |
| 7  2004 Nissan Altima with 95k miles | $4,125.00 | $305.00 | DA | $0.00 | FA |
| 8  2002 toyota sequoia with 65k miles | $5,525.00 | $267.00 | DA | $0.00 | FA |
| 9  cat | $0.00 | $0.00 | DA | $0.00 | FA |
| 10 Fraudulent Transfer | $0.00 | $6,500.00 | DA | $6,500.00 | FA |
| INT Interest Earned  (u) | Unknown | Unknown | | $1.20 | Unknown |

**TOTALS (Excluding unknown value)**                                              **Gross Value of Remaining Assets**

                         $136,093.00             $7,872.00                                 $6,501.20        $0.00

**Major Activities affecting case closing:**

Assets Case - Debtor trades on the side, will need statements reflecting that. Also debtor gave friend Nevin Williams $8000.00 in May 2010. He lives in North Carolina and is in the Military. Need documentation (debtor claims it on bank statements)

Motion to compromise set for 11/3/10

TFR in progress

TFR Completed for Trustee's review.

TFR sent to Tom for Review.

| | | | |
|---|---|---|---|
| **Initial Projected Date Of Final Report (TFR):** | 05/30/2012 | /s/ DAVID LEIBOWITZ | |
| **Current Projected Date Of Final Report (TFR):** | 03/30/2011 | DAVID LEIBOWITZ | |

**FORM 2**
**CASH RECEIPTS AND DISBURSEMENTS RECORD**
Exhibit B

| Case No. | 10-27543-SPS | | Trustee Name: | David Leibowitz |
|---|---|---|---|---|
| Case Name: | COPELAND, TRACY L | | Bank Name: | Sterling Bank |
| Primary Taxpayer ID #: | ******4905 | | Money Market Acct #: | ******7543 |
| Co-Debtor Taxpayer ID #: | | | Account Title: | |
| For Period Beginning: | 6/18/2010 | | Blanket bond (per case limit): | $5,000,000.00 |
| For Period Ending: | 4/14/2011 | | Separate bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| **Transaction Date** | **Check / Ref. #** | **Paid to/ Received From** | **Description of Transaction** | **Uniform Tran Code** | **Deposit $** | **Disbursement $** | **Balance** |
| 10/13/2010 | (10) | Tracy L. Copeland | settlement for Fraudulent transfer made to Nevin Williams | 1241-000 | $3,000.00 | | $3,000.00 |
| 10/29/2010 | (INT) | Sterling Bank | Interest Earned For October | 1270-000 | $0.06 | | $3,000.06 |
| 11/30/2010 | (INT) | Sterling Bank | Interest Earned For November | 1270-000 | $0.12 | | $3,000.18 |
| 12/13/2010 | (10) | Tracyl Copeland | | 1241-000 | $3,500.00 | | $6,500.18 |
| 12/31/2010 | (INT) | Sterling Bank | Interest Earned For December | 1270-000 | $0.21 | | $6,500.39 |
| 01/31/2011 | (INT) | Sterling Bank | Interest Earned For January | 1270-000 | $0.28 | | $6,500.67 |
| 02/04/2011 | 1001 | International Sureties, Ltd | Bond Payment | 2300-000 | | $5.22 | $6,495.45 |
| 02/28/2011 | (INT) | Sterling Bank | Interest Earned For February | 1270-000 | $0.25 | | $6,495.70 |
| 03/31/2011 | (INT) | Sterling Bank | Interest Earned For March | 1270-000 | $0.28 | | $6,495.98 |
| | | | **TOTALS:** | | $6,501.20 | $5.22 | $6,495.98 |
| | | | **Less: Bank transfers/CDs** | | $0.00 | $0.00 | |
| | | | **Subtotal** | | $6,501.20 | $5.22 | |
| | | | **Less: Payments to debtors** | | $0.00 | $0.00 | |
| | | | **Net** | | $6,501.20 | $5.22 | |

| For the period of 6/18/2010 to 4/14/2011 | | For the entire history of the account between 10/13/2010 to 4/14/2011 | |
|---|---|---|---|
| Total Compensable Receipts: | $6,501.20 | Total Compensable Receipts: | $6,501.20 |
| Total Non-Compensable Receipts: | $0.00 | Total Non-Compensable Receipts: | $0.00 |
| Total Comp/Non Comp Receipts: | $6,501.20 | Total Comp/Non Comp Receipts: | $6,501.20 |
| Total Internal/Transfer Receipts: | $0.00 | Total Internal/Transfer Receipts: | $0.00 |
| | | | |
| Total Compensable Disbursements: | $5.22 | Total Compensable Disbursements: | $5.22 |
| Total Non-Compensable Disbursements: | $0.00 | Total Non-Compensable Disbursements: | $0.00 |
| Total Comp/Non Comp Disbursements: | $5.22 | Total Comp/Non Comp Disbursements: | $5.22 |
| Total Internal/Transfer Disbursements: | $0.00 | Total Internal/Transfer Disbursements: | $0.00 |

**FORM 2**

Page No: 2

Case 10-27543    Doc 32    Filed 04/14/11    Entered 04/14/11 10:42:52    Desc Main
Document      Page 5 of 8

Exhibit B

**CASH RECEIPTS AND DISBURSEMENTS RECORD**

| **Case No.** | 10-27543-SPS | | **Trustee Name:** | David Leibowitz |
|---|---|---|---|---|
| **Case Name:** | COPELAND, TRACY L | | **Bank Name:** | Sterling Bank |
| **Primary Taxpayer ID #:** | ******4905 | | **Money Market Acct #:** | ******7543 |
| **Co-Debtor Taxpayer ID #:** | | | **Account Title:** | |
| **For Period Beginning:** | 6/18/2010 | | **Blanket bond (per case limit):** | $5,000,000.00 |
| **For Period Ending:** | 4/14/2011 | | **Separate bond (if applicable):** | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| **Transaction Date** | **Check / Ref. #** | **Paid to/ Received From** | **Description of Transaction** | **Uniform Tran Code** | **Deposit $** | **Disbursement $** | **Balance** |

| | TOTAL - ALL ACCOUNTS | NET DEPOSITS | NET DISBURSE | ACCOUNT BALANCES |
|---|---|---|---|---|
| | | $6,501.20 | $5.22 | $6,495.98 |

| **For the period of 6/18/2010 to 4/14/2011** | | **For the entire history of the case between 06/18/2010 to 4/14/2011** | |
|---|---|---|---|
| Total Compensable Receipts: | $6,501.20 | Total Compensable Receipts: | $6,501.20 |
| Total Non-Compensable Receipts: | $0.00 | Total Non-Compensable Receipts: | $0.00 |
| Total Comp/Non Comp Receipts: | $6,501.20 | Total Comp/Non Comp Receipts: | $6,501.20 |
| Total Internal/Transfer Receipts: | $0.00 | Total Internal/Transfer Receipts: | $0.00 |
| | | | |
| Total Compensable Disbursements: | $5.22 | Total Compensable Disbursements: | $5.22 |
| Total Non-Compensable Disbursements: | $0.00 | Total Non-Compensable Disbursements: | $0.00 |
| Total Comp/Non Comp Disbursements: | $5.22 | Total Comp/Non Comp Disbursements: | $5.22 |
| Total Internal/Transfer Disbursements: | $0.00 | Total Internal/Transfer Disbursements: | $0.00 |

Exhibit D

**TRUSTEE'S PROPOSED DISTRIBUTION**

Case No.: 10-27543-SPS
Case Name: TRACY L COPELAND
Trustee Name: David P. Leibowitz

Balance on hand: $6,495.98

Claims of secured creditors will be paid as follows: NONE

Total to be paid to secured creditors: $0.00
Remaining balance: $6,495.98

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---:|---:|---:|
| David P. Leibowitz, Trustee Fees | $1,400.12 | $0.00 | $1,400.12 |
| David Leibowitz, Trustee Expenses | $12.38 | $0.00 | $12.38 |

Total to be paid for chapter 7 administrative expenses: $1,412.50
Remaining balance: $5,083.48

Applications for prior chapter fees and administrative expenses have been filed as follows: NONE

Total to be paid to prior chapter administrative expenses: $0.00
Remaining balance: $5,083.48

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are: NONE

Total to be paid to priority claims: $0.00
Remaining balance: $5,083.48

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $11,524.24 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 44.1 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amt. of Claim | Interim Payments to Date | Proposed Amount |
|---|---|---|---|---|
| 1 | Title Lenders, Inc. | $2,302.13 | $0.00 | $1,015.50 |
| 2 | Capstone Financial, LLC, Assignee of Chase | $726.98 | $0.00 | $320.68 |
| 3 | PRA Receivables Management, LLC/ Best Buy Co. | $546.05 | $0.00 | $240.87 |
| 4 | Capital Recovery III LLC/ Citi Bank Sears Gold Card | $7,298.29 | $0.00 | $3,219.36 |
| 5 | Capital Recovery III LLC, Citi Bank Sears Premier Card | $650.79 | $0.00 | $287.07 |

Total to be paid to timely general unsecured claims: $5,083.48
Remaining balance: $0.00

Tardily filed claims of general (unsecured) creditors totaling $0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows: NONE

Total to be paid to tardily filed general unsecured claims: $0.00
Remaining balance: $0.00

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent, plus interest (if applicable).

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows: NONE

Total to be paid for subordinated claims: $0.00
Remaining balance: $0.00